# United States District Court
## Southern District of Ohio at Dayton

| | |
|---|---|
| UNITED STATES OF AMERICA<br>v.<br>**JOSE EDUARDO SILVA-SERVIN**<br>**AKA JOSE ANGEL ARROYO-VIDAL** | **JUDGMENT IN A CRIMINAL CASE**<br><br>Case Number: **3:12CR111**<br><br>USM Number: 69931-061<br><br>JON PAUL RION<br>Defendant's Attorney |

## THE DEFENDANT:

[✔] pleaded guilty to Counts: <u>One (1) and Two (2) of the Superseding Information</u>.
[ ] pleaded nolo contendere to counts(s) ___ which was accepted by the court.
[ ] was found guilty on count(s) ___ after a plea of not guilty.

The defendant is adjudicated guilty of these offense(s):

| Title & Section | Nature of Offense | Offense Ended | Count |
|---|---|---|---|
| 21 U.S.C. § 846 and<br>21 U.S.C. § 841(a)(1)<br>and (b)(1)(C) | Conspiracy to Distribute a Detectable<br>Amount of Heroin, a Schedule I<br>Controlled Substance | 11-21-11 | One (1) |
| 8 U.S.C. § 1326(a)(1)<br>and (a)(2) | Reentry of Removed Alien | 11-21-11 | Two (2) |

The defendant is sentenced as provided in pages 2 through _7_ of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

[ ] The defendant has been found not guilty on counts(s) ___.

[✔] <u>The Indictment in Case No. 3:12CR025</u> is to be dismissed on the motion of the United States.

IT IS ORDERED that the defendant must notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and the United States Attorney of material changes in the defendant's economic circumstances.

11/30/12
Date of Imposition of Judgment

Signature of Judicial Officer

**THOMAS M. ROSE**
United States District Judge
Name & Title of Judicial Officer

11/30/12
Date

# IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of 42 months in Count 1 and 1 day in Count 2, to run concurrent.

[✔] The court makes the following recommendations to the Bureau of Prisons: **The Court recommends that the defendant be accorded all allowable presentence credit for time spent incarcerated on said offense. The Court recommends that the defendant be incarcerated in the Southwest and/or California area as possible, consistent with his security status. The Court recommends that if eligible the defendant be enrolled in the 500 hour drug treatment program**.

[✔] The defendant is remanded to the custody of the United States Marshal.

[ ] The defendant shall surrender to the United States Marshal for this district.
    [ ] at ___ on ___.
    [ ] as notified by the United States Marshal.

[ ] The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:
    [ ] before 2:00 p.m. on _____.
    [ ] as notified by the United States Marshal but no sooner than
    [ ] as notified by the Probation or Pretrial Services Office.

# RETURN

I have executed this judgment as follows:

_____
_____
_____

Defendant delivered on_____ to _____
at _____ , with a certified copy of this judgment.

                                               UNITED STATES MARSHAL

                                        By _____
                                                       Deputy U.S. Marshal

# SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of 4 years in Count 1 and 1 year in Count 2, to run concurrent.

The defendant must report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

The defendant shall not commit another federal, state, or local crime.

The defendant shall not unlawfully possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the Court.

- [ ] The above drug testing condition is suspended, based on the court's determination that the defendant poses a low risk of future substance abuse. (Check, if applicable.)
- [✓] The defendant shall not possess a firearm, ammunition, destructive device, or any other dangerous weapon. (Check, if applicable.)
- [✓] The defendant shall cooperate in the collection of DNA as directed by the probation officer. (Check, if applicable.)
- [ ] The defendant shall register with the state sex offender registration agency in the state where the defendant resides, works, or is a student, as directed by the probation officer. (Check, if applicable.)
- [ ] The defendant shall participate in an approved program for domestic violence. (Check, if applicable.)

If this judgment imposes a fine or restitution, it is a condition of supervised release that the defendant pay in accordance with the Schedule of Payments sheet of this judgment.

The defendant must comply with the standard conditions that have been adopted by this court as well as with any additional conditions on the attached page.

## STANDARD CONDITIONS OF SUPERVISION

1) the defendant shall not leave the judicial district without permission of the court or probation officer;
2) the defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month;
3) the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
4) the defendant shall support his or her dependants and meet other family responsibilities;
5) the defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training or other acceptable reasons;
6) the defendant shall notify the probation officer at least ten days prior to any change in residence or employment;
7) the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;
8) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;
9) the defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer;
10) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;
11) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;
12) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court; and
13) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics, and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

## SPECIAL CONDITIONS OF SUPERVISED RELEASE

1. If deported, the defendant shall not enter the U.S. without written approval/authorization from the U.S. Attorney General or the Director of Homeland Security.

2. The defendant shall cooperate with any deportation proceedings. If removal proceedings are initiated at the completion of the imprisonment sentence, the defendant shall be delivered to a duly authorized immigration official for deportation proceedings consistent with the Immigration and Nationality Act.

3. Should the defendant return to the U.S. legally, the defendant shall participate in a substance abuse treatment program, either inpatient or outpatient, to include testing, at the direction of the probation officer.

CASE NUMBER: 3:12CR111     Judgment - Page 5 of 7
DEFENDANT: JOSE EDUARDO SILVA-SERVIN (AKA JOSE ANGEL ARROYO-VIDAL)

# CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the Schedule of Payments on Sheet 6.

|  | Assessment | Fine | Restitution |
|---|---|---|---|
| Totals: | $ 200.00 | $0.00 | $0.00 |

[ ] The determination of restitution is deferred until _. An amended Judgment in a Criminal Case (AO 245C) will be entered after such determination.

[ ] The defendant must make restitution (including community restitution) to the following payees in the amounts listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment unless specified otherwise in the priority order of percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid before the United States is paid.

| Name of Payee | *Total Loss | Restitution Ordered | Priority or Percentage |
|---|---|---|---|
| TOTALS: | $ ___ | $ ___ | |

[ ] Restitution amount ordered pursuant to plea agreement $____

[] The defendant must pay interest on restitution and a fine of more than $2500, unless the restitution or fine is paid in full before the fifteenth day after the date of judgment, pursuant to 18 U.S.C. §3612(f). All of the payment options on Sheet 6 may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. §3612(g).

[ ] The court determined that the defendant does not have the ability to pay interest and it is ordered that:

    [ ] The interest requirement is waived for the    [] fine    [] restitution.

    [ ] The interest requirement for the    [] fine    [] restitution is modified as follows:

---

* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994 but before April 23, 1996.

CASE NUMBER: 3:12CR111
DEFENDANT: JOSE EDUARDO SILVA-SERVIN (AKA JOSE ANGEL ARROYO-VIDAL)

# SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties are due as follows:

A [✓] Lump sum payment of $ 200.00 due immediately, balance due

    [ ] not later than    or
    [ ] in accordance with    [ ] C,    [ ] D,    [ ] E, or    [ ] F below; or

B [ ] Payment to begin immediately (may be combined with    [ ] C    [ ] D, or    [ ] F below); or

C [ ] Payment in equal installments of $ over a period of , to commence days after the date of this judgment; or

D [ ] Payment in equal installments of $ over a period of , to commence days after release from imprisonment to a term of supervision; or

E [ ] Payment during the term of supervised release will commence within (e.g., 30 or 60 days) after release from imprisonment. The Court will set the payment plan based on an assessment of the defendant's ability to pay at that time; or

F [ ] Special instructions regarding the payment of criminal monetary penalties:

    [ ] If the defendant, while incarcerated, is working in a non-UNICOR or grade 5 UNICOR job, the defendant shall pay $25.00 per quarter toward defendant's monetary obligation. If working in a grade 1-4 UNICOR job, defendant shall pay 50% of defendant's monthly pay toward defendant's monetary obligation. Any change in this schedule shall be made only by order of this Court.

    [ ] After the defendant is released from imprisonment, and within 60 days of the commencement of the term of supervised release, the probation officer shall recommend a revised payment schedule to the Court to satisfy any unpaid balance of the monetary penalty. The Court will enter an order establishing a schedule of payments.

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during imprisonment. All criminal penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the Clerk of the Court.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

[ ] Joint and Several (Defendant and Co-Defendant names and Case Numbers, Total Amount, Joint and Several Amount and corresponding payee, if appropriate.):

[ ] The defendant shall pay the cost of prosecution.
[ ] The defendant shall pay the following court cost(s):

[ ] The defendant shall forfeit the defendant's interest in the following property to the United States:

Payments shall be applied in the following order: (1) assessment; (2) restitution principal; (3) restitution interest; (4) fine principal; (5) fine interest; (6) community restitution; (7) penalties; and (8) costs, including cost of prosecution and court costs.

# DENIAL OF FEDERAL BENEFITS
(For Offenses Committed on or After November 18, 1988)

## FOR DRUG TRAFFICKERS PURSUANT TO 21 U.S.C. § 862

IT IS ORDERED that the defendant shall be:

[ ] ineligible for all federal benefits for a period of _.

[ ] ineligible for the following federal benefits for a period of _.

(specify benefit(s))

OR

[ ] **Having determined that this is the defendant's third or subsequent conviction for distribution of controlled substances, IT IS ORDERED that the defendant shall be permanently ineligible for all federal benefits.**

## FOR DRUG POSSESSORS PURSUANT TO 21 U.S.C. § 862(b)

IT IS ORDERED that the defendant shall be:

[ ] ineligible for all federal benefits for a period of _.

[ ] ineligible for the following federal benefits for a period of _.
(specify benefit(s))

[ ] successfully completed a drug testing and treatment program.

[ ] perform community service, as specified in the probation and supervised release portion of this judgment.

[ ] Having determined that this is the defendant's second or subsequent conviction for possession of a controlled substance, IT IS FURTHER ORDERED that the defendant shall complete any drug treatment program and community service specified in this judgment as a requirement for the reinstatement of eligibility for federal benefits.

**Pursuant to 21 U.S.C. §862(d), this denial of federal benefits does not include any retirement, welfare, Social Security, health, disability, veterans benefit, public housing, or other similar benefit, or any other benefit for which payments or services are required for eligibility. The clerk is responsible for sending a copy of this page and the first page of this judgment to:**

U.S. Department of Justice, Office of Justice Programs, Washington, DC 20531